# IN THE COURT OF APPEALS OF IOWA

No. 17-1045
Filed February 21, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**KRAIG M. KORPAK,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Scott County, Stuart P. Werling (trial) and Mark R. Lawson (sentence), Judges.

     A defendant appeals his convictions of interference with official acts while displaying a dangerous weapon and domestic abuse assault causing bodily injury challenging the sufficiency of the evidence. **AFFIRMED.**

     Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

     Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

     Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Kraig Korpak challenges the sufficiency of the evidence supporting his convictions for interference with official acts while displaying a dangerous weapon, in violation of Iowa Code section 719.1(1)(f) (2017), and domestic abuse assault causing bodily injury, in violation of Iowa Code section 708.2A(2)(b). After considering the trial record, we conclude there is sufficient evidence to support the guilty verdicts. We affirm.

## I.      Background Facts and Proceedings

On February 6, 2017, Davenport police officers responded to a domestic abuse call at approximately 9:30 p.m. When officers arrived on scene, they found S.H. at her neighbor's house with a laceration above her eye. The neighbor explained she heard screaming coming from the neighboring apartment and banging on the shared wall, on and off, for a few hours. The officers learned that S.H. lived with her "fiancé," Korpak, who was still inside the neighboring apartment.

The officers observed Korpak sitting in his kitchen with a large fixed-bladed knife in his left hand and a beer in his right hand. The officers attempted to speak to Korpak through the kitchen window, advising him that he was under arrest and he needed to drop the knife, come outside, and surrender himself. Korpak was hostile, belligerent, and appeared to be intoxicated, and when prompted to exit the home, he asked the officer to shoot him. Around 10:30 p.m., approximately one hour after officers responded to the call, Korpak exited his house holding the knife in a raised or "attack" position. He gestured wildly with the knife and yelled at officers. Eventually, the officers subdued Korpak by shooting him with rubber

bullets and, because he continued to hold the knife, tased him and then placed him under arrest.

Korpak was charged with interference with official acts while displaying a dangerous weapon and domestic abuse assault causing bodily injury. Korpak waived his right to a jury trial and, after a bench trial, was convicted on both charges. Korpak was sentenced to a term of incarceration not to exceed five years on the interference conviction and a term of 120 days on the domestic abuse conviction, and the terms were ordered to run concurrently.

Korpak appeals.

## II.    Scope and Standard of Review

We review challenges to the sufficiency of evidence for errors at law. *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012). We review the evidence "in the light most favorable to the State, including all reasonable inferences that may be deduced from" it to determine whether the finding of guilt is supported by substantial evidence and should be upheld. *Id.* Evidence is substantial if it would convince a rational fact-finder of the defendant's guilt beyond a reasonable doubt. *Id.*

## III.    Interference with Official Acts

Korpak maintains there was not sufficient evidence to support the conviction for interference with official acts because of his intoxication.[1] A person interferes

---

[1] The crime of interference with official acts is a general-intent crime. *See State v. Buchanan*, 549 N.W.2d 291, 294 (Iowa 1996). Voluntary intoxication is not a defense to general-intent crimes. *See State v. Caldwell*, 385 N.W.2d 553, 557 (Iowa 1986) (citing *State v. Pierce Wilson*, 144 N.W. 47, 51–52 (Iowa 1913) (explaining voluntary intoxication may not reduce a charge when the crime does not require specific intent)); *see also State v. Hall*, 214 N.W.2d 205, 209 (Iowa 1974) (holding where the defendant has been charged

with official acts when the person "knowingly resists or obstructs anyone known by the person to be a peace officer . . . in the performance of any act which is within the scope of the lawful duty or authority of that officer." Iowa Code § 719.1. A person who interferes with official acts and displays a dangerous weapon while doing so, commits a class "D" felony. *Id.* § 719.1(1)(f).

When the evidence is viewed in the light most favorable to the State, we have little trouble concluding the conviction is supported by substantial evidence. The officers responded to a domestic situation where they found Korpak alone in his home, armed and refusing to exit or surrender for arrest. When told to surrender, Korpak responded by asking the officers to shoot him. Korpak was described as animated, hostile, belligerent, appeared to be intoxicated, and armed with a weapon. After approximately one hour, Korpak exited the apartment holding the knife in a threatening manner. One officer testified Korpak "flew out" or "charged out the backdoor . . . and yelled stuff at the officers that were on the perimeter." Another officer testified he made eye contact with Korpak and it seemed, to the officer, that Korpak was "sizing [the officer] up" or making a decision whether to flee. Eventually, because Korpak would not drop the knife, officers used .40mm rubber bullets and a Taser to stun Korpak and disarm him.

Korpak's conduct actively interfered with the officers' performance of their lawful duty after they had been called to investigate a domestic abuse assault. Accordingly, there is substantial evidence in the record to support the guilty verdict

---

with second-degree murder, a general intent crime, the defendant's voluntary intoxication cannot negate malice aforethought and reduce the crime to manslaughter).

regarding the charge of interference with official acts while displaying a dangerous weapon.

### IV. Domestic Abuse Assault

Iowa Code section 708.2A(2)(b) states a defendant commits "[a] serious misdemeanor, if the domestic abuse assault causes bodily injury or mental illness." On appeal, Korpak challenges whether there was sufficient evidence to show he caused bodily injury to S.H.

S.H. testified she did not remember much of the night in question, including how she received the laceration above her eye. She testified that she may have tripped or sustained the injury from a beer can. Korpak asserts S.H. received the laceration by falling into the corner of the wall. Further, Korpak argues the neighbor did not testify she heard a body being thrown against the wall, just that she heard, and felt "something" hit the wall, which is insufficient to prove domestic abuse assault.

The district court, after hearing all the witnesses' testimony, found Korpak's testimony to lack credibility. The neighbor testified she heard both a man and a woman yelling and screaming and a banging against the common wall between the two apartments so forcefully that her pictures almost fell off the wall. When S.H. arrived at the neighbor's apartment, she had blood streaming down her face and said, "Look. Look. Look what he did." The laceration was deep enough to require stitches. Thus, despite Korpak's version of events and S.H.'s poor memory of the details, there is substantial evidence to support the guilty verdict regarding the charge of domestic abuse assault.

**V.     Conclusion**

Because there is sufficient evidence to support the convictions for interference with official acts while displaying a dangerous weapon and domestic abuse assault causing bodily injury, and to uphold the verdicts; we affirm.

**AFFIRMED.**